# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD EGAN NIERATKO and WINDY RENEE NIERATKO,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>FORD MOTOR COMPANY,<br><br>　　　　　　　　　　Defendant. | Case No. 21-cv-01112-BAS-BGS<br><br>**ORDER DENYING MOTION TO REMAND (ECF No. 9)** |

　　　Plaintiffs Chad Nieratko and Windy Nieratko bring a Motion to Remand this action to state court. (ECF No. 9.) On June 14, 2021, Defendant Ford Motor Company ("Ford") removed this matter to federal court based on diversity jurisdiction. (ECF No. 1.) Plaintiffs contest removal arguing Ford did not adequately prove diversity of citizenship and the minimum amount in controversy to satisfy diversity jurisdiction under 28 U.S.C. § 1332 is not met. (Mot. to Remand, at 1:5–8.)

　　　The Court finds this Motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L. R. 7.1(d)(1).  For the following reasons, the Court finds removal was appropriate and **DENIES** Plaintiffs' Motion to Remand.

## I. BACKGROUND

On May 13, 2021, Plaintiffs commenced this lawsuit in San Diego Superior Court asserting claims under California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), specifically California Civil Code sections 1793 and 1794. (Compl., Notice of Removal Ex. A.) Plaintiffs' Complaint alleges they purchased/leased a 2020 Ford Explorer ("Vehicle") on or about February 28, 2020. (*Id.* ¶ 4.) Plaintiffs further allege the Vehicle "contained or developed nonconformity(s)" constituting a breach of Defendant's express warranty accompanying the Vehicle. (*Id.* ¶ 6.) Additionally, Plaintiffs allege Defendant willfully failed to comply with its obligations to service or repair the Vehicle under the Vehicle's express warranty. (*Id.* ¶ 10.)

In their complaint, Plaintiffs did not include a specific dollar amount for damages but allege they are seeking restitution, civil penalties, consequential and incidental damages, reasonable attorney's fees, prejudgment interest, and any other relief the Court may deem proper. (*Id.* at 6.) However, in Plaintiffs' Initial Disclosures, Plaintiffs state the total purchase price of the Vehicle amounts to $41,554.32, which is nearly identical to the amount alleged by Defendant in its Notice of Removal. (*Compare* Pls.' Initial Disclosures, at 4:14–16, Avelar Decl. ¶ 8, Ex. 1, ECF No. 11-1, *with* Notice of Removal ¶ 13.)

On June 14, 2021, Ford filed its Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446. (Notice of Removal, at 1.) Ford alleges Plaintiffs are citizens and residents of California, whereas Ford is "a corporation organized under the laws of the state of Delaware with its principal place of business in Michigan." (*Id.* ¶¶ 17–18.)

On June 14, 2021, Plaintiffs filed a Motion to Remand the action to state court. (Mot. to Remand, at 1.) Defendant filed an Opposition to the Motion, (Opp'n, ECF No. 11), and Plaintiffs filed a reply, (Reply, ECF No. 12).

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id.* (citations

omitted). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." 28 U.S.C. § 1441(a).

In order to invoke a district court's diversity jurisdiction, a party must demonstrate there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332; *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008); *see also Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010) ("[I]n a case that has been removed from state court to federal court . . . on the basis of diversity jurisdiction, the proponent of federal jurisdiction—typically the defendant in the substantive dispute—has the burden to prove, by a preponderance of the evidence, that removal is proper.").

## III.  ANALYSIS

Both the complete diversity requirement and the amount in controversy requirement are at issue here. (Mot. to Remand, at 1.) Plaintiffs claim Ford did not adequately allege complete diversity of citizenship because Ford did not prove by a preponderance of the evidence that Plaintiffs are California citizens. (*Id.* at 12:16–17.) Additionally, Plaintiffs argue the amount in controversy is not met because Ford incorrectly includes civil penalties in its calculations. (*Id.* at 6:15–16.) The Court rejects both arguments.

### A.  Diversity of Citizenship

"When an action is removed based on diversity, complete diversity must exist at removal." *Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir. 1986) (citing *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1955)). Complete diversity exists where "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc.*, 519 U.S. at 68. When removing a case, defendants are "merely required to allege (not to prove)" the citizenship of the parties. *See Kanter v. Warner-Lambert*

*Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Therefore, the Court must determine if Defendant adequately alleged that Plaintiffs are citizens of California.

Ford is a citizen of Delaware and Michigan. (Notice of Removal ¶ 18.) In the Notice of Removal, Ford states that Plaintiffs are "citizens and residents of Murrieta, California." (*Id.* ¶ 17.) Ford also provides a leasing agreement that lists Plaintiffs' address in Murrieta, California as evidence. (Opp'n Ex. 2, at 11.) This is enough to adequately allege diversity of citizenship exists. *See Kanter*, 265 F.3d at 857.

Plaintiffs contend Ford did not prove Plaintiffs are citizens of California by a preponderance of the evidence. (Mot. to Remand, at 12:16–17.) However, to remove to federal court, Ford merely had to affirmatively allege that diversity of citizenship exists. *See Kanter*, 265 F.3d at 857. If Plaintiffs contest the truth of the allegation, then Ford may be required to provide more evidence. *See McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936). However, Plaintiffs are only asserting that Ford did not meet the pleading requirement. (Mot. to Remand, at 12:20–22.) Plaintiffs never asserted they are not in fact California citizens. Therefore, Ford only had to meet the initial requirement and simply allege diversity exists. Thus, the Court finds Ford adequately alleged complete diversity of citizenship.[1]

### B.  Amount in Controversy

#### 1.  Framework for Determining Potential Damages

Plaintiffs claim Ford did not adequately prove that the requisite amount in controversy for diversity jurisdiction is met. (Mot. to Remand, at 1:20–21.) To assert the amount in controversy in the removal notice, a "short and plain" statement need not contain evidentiary submissions and must include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84, 89 (2014). If the plaintiff challenges the defendant's asserted amount in controversy, both sides submit proof, and the court must find by a preponderance

---

[1] Plaintiffs briefly argue that Ford failed to prove it is not a citizen of California. (Mot. to Remand, at 12:3–8.) The Court rejects this argument for the same reasons.

of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 88 (quoting 28 U.S.C. § 1446(c)(2)(b)); *see also Schneider v. Ford Motor Co.*, 756 F. App'x 699, 700–01 (9th Cir. 2018) ("The preponderance of the evidence standard applies only after 'the plaintiff contests, or the court questions, the defendant's allegation' and 'both sides submit proof.'"); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (holding that when a complaint "is unclear and does not specify 'a total amount in controversy,' the proper burden of proof . . . is proof by a preponderance of the evidence").

Further, if the existence of diversity jurisdiction depends on the amount in controversy, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995)). If not, a court may consider facts in the removal notice, and it may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.*

The amount in controversy is "not a prospective assessment of [a] defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Rather, it is the "amount at stake in the underlying litigation." *Theis Rsch., Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). In assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). "In that sense, the amount in controversy reflects the maximum recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018)).

As stated above, Plaintiffs are seeking restitution, consequential and incidental damages, civil penalties, and attorney's fees. (Compl., at 6:1–10.) Restitution and

incidental damages under the Song-Beverly Act include official fees associated with the sale of the vehicle (e.g. sales tax, license fees, and registration fees) and reasonable expenses incident to the vehicle problem (e.g. reasonable repair, towing, and rental car costs). Cal. Civ. Code § 1793.2(d)(2)(B). While Plaintiffs disclosed they are seeking $41,554.32 for the purchase price of the Vehicle, (Initial Disclosures, at 4:14–16), Plaintiffs do not allege the specific amount sought with respect to the other damages, (*see* Compl., at 6:1–10). Therefore, in accordance with *Dart Cherokee*, the Court must find by a preponderance of the evidence that the amount in controversy asserted by Plaintiffs exceeds the jurisdictional threshold. *See* 574 U.S. at 88.

### 2. Assessment of Potential Damages

Defendant alleges that Plaintiffs are seeking more than $124,674.03 in monetary damages and civil penalties, not including compensatory damages or attorney's fees. (Notice of Removal ¶ 15.) Plaintiffs argue in their Motion to Remand that this case fails to meet the amount in controversy requirement because civil penalties should not be included in the jurisdictional amount. (Mot. to Remand, at 6:3–4.)

When actual and punitive damages are recoverable under a complaint's allegations, each must be considered in determining the amount in controversy. *Bell v. Preferred Life Assurance Soc'y of Montgomery*, 320 U.S. 238, 240 (1943). Courts include civil penalties under the Song-Beverly Act in the amount in controversy, acknowledging that these penalties are sufficiently akin to punitive damages. *E.g.*, *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) (finding that civil penalties under § 1794(c) are similar to punitive damages such that they "are properly included in the amount in controversy" (citing *Suman v. Superior Court*, 39 Cal. App. 4th 1309, 1317 (1995))); *see also Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (noting that treble damages authorized by state statute could have been taken into account when determining the amount in controversy); *cf. Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) (holding civil penalties available under the Song-Beverly Act could be considered in determining whether consumer satisfied amount in controversy

requirement under Magnuson-Moss Warranty Act for federal question jurisdiction). Therefore, the Court considers Plaintiffs' claim for civil penalties when assessing whether the amount in controversy is met in this case.

Here, Plaintiffs allege Ford willfully failed to comply with its obligations under the Vehicle's express warranty. (Compl. ¶ 10.) Thus, Plaintiffs seek civil penalties under California Civil Code section 1794, which states that if the buyer establishes the failure to comply was willful, the judgment may include a civil penalty of up to two times the actual damages amount. (*Id*. at 6.) Plaintiffs' alleged actual damages include restitution for the entire purchase price of the Vehicle pursuant to California Code section 1794(b)(1). (*Id*. ¶ 16.) Plaintiffs allegedly acquired a 2020 Ford Explorer with a total purchase price of $41,554.32. (Pls.' Initial Disclosures, at 4:14–16.) Accordingly, should Plaintiffs prevail, a civil penalty of up to two times their actual damages—approximately $83,000—can be awarded in addition to $41,554.32 in actual damages. *See* Cal. Civ. Code § 1794(e)(1).

In some cases, the statutory offset provided by the Song-Beverly Act may significantly reduce the actual damages—along with the civil penalty based on those damages—to an amount below the jurisdictional threshold. *See* Cal. Civ. Code § 1792(d)(2)(C). However, here, Plaintiffs drove approximately 2,000 miles prior to the first repair attempt for the Vehicle. (Opp'n Ex. 3.) Therefore, the statutory offset will be minimal. *See Ayala v. Ford Motor Co*., No. 20-cv-02383-BAS, 2021 WL 2644506, at *4 (S.D. Cal. June 28, 2021). Adding together Plaintiffs' $41,554.32 in actual damages and two times that amount for civil penalties, the Court accepts Defendant's calculation that Plaintiffs are seeking relief in an amount exceeding the $75,000 jurisdictional requirement.[2]

Overall, the Court is convinced by a preponderance of the evidence that Plaintiffs' claim for damages, attorney's fees, and civil penalties meets the jurisdictional threshold.

---

[2] Moreover, Plaintiffs' actual damages are potentially even greater. As mentioned, these damages may include not only restitution based on the Vehicle's price, but also incidental damages. *See* Cal. Civ. Code § 1793.2(d)(2)(B).

Further, although Plaintiffs' allegations and Ford's evidence indicate the amount in controversy exceeds $75,000, Plaintiffs argue comity principles and analogous district court cases should persuade this Court that remand is otherwise appropriate. This Court has previously rejected these arguments and rejects them here. *See Ayala*, 2021 WL 2644506, at *6.

## IV.   CONCLUSION

In sum, Ford has adequately alleged complete diversity of citizenship between the parties and demonstrated by the preponderance of the evidence that the amount in controversy has been met to satisfy the requirements for diversity jurisdiction under 28 U.S.C. § 1332. Thus, Defendant properly removed this action pursuant to 28 U.S.C. § 1441(a). Consequently, the Court **DENIES** Plaintiffs' Motion to Remand (ECF No. 9).

**IT IS SO ORDERED.**

**DATED: September 28, 2021**

Hon. Cynthia Bashant
United States District Judge